ACCEPTED
14-14-00470-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
4/24/2015 11:45:44 AM
CHRISTOPHER PRINE
CLERK

No. 14-14-00470-CV

## IN THE COURT OF APPEALS FOR THE FOURTEENTH DISTRICT OF TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
4/24/2015 11:45:44 AM
CHRISTOPHER A. PRINE
Clerk

*BOB BENNETT A/K/A ROBERT S. BENNETT*

*APPELLANT*

*V.*

*COMMISSION FOR LAWYER DISCIPLINE*

*APPELLEE*

RECEIVED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
4/24/2015 11:45:44 AM
CHRISTOPHER A. PRINE
Clerk

## FROM THE 334TH JUDICIAL DISTRICT COURT
## OF HARRIS COUNTY
## TRIAL COURT CAUSE NO. 2013-56866

### REQUEST OF AMICUS CURIAE, ATTORNEY DAN NARANJO

I am writing this Amicus Brief in support of Bob Bennett who was recently disbarred by a District judge at the conclusion of a truncated trial. Throughout my legal career I have served as President of the San Antonio Bar Association; as well as both the Board of Directors' Executive Committee of the State Bar of Texas, the Commission for Lawyer Discipline, and numerous other appointments within the legal field.

In my experience, Mr. Bennett has been a forthright and just attorney. In the last 35 years, we have worked on cases against each other and with each other in a professional capacity on several occasions. In my experience he has always treated clients with respect and professionalism. His law firm is an example of excellence as well as diversity.

I am given to understand that Mr. Bennett, in his forty years of practice, has never had a private or public reprimand. He served as an Assistant United States Attorney for the Western District of Texas, San Antonio and appeared before me during my service as a U.S. Magistrate judge; he was the President of the University of Houston Law Center Alumni Association, and I have visited his home and office and I believe him to be a man of good character and very involved in his community and profession. He has lectured for State Bar CLEs on numerous occasions. The Justice for Children Foundation has recognized him for his generous support to victims of child abuse and his outstanding leadership in the community. He has further been very active in interfaith matters and is the chair for the Peace Garden Project in Houston, whose goal is to build a nature park for interfaith dialogue and understanding.

Having observed the trial, I found it particularly disturbing that Mr. Bersch did not call a single witness or produce any evidence during the punishment hearing. Inasmuch, it is unusual (and unadvisable) for an attorney with no

disciplinary record to receive disbarment despite the commission's recommendation for probation. It is my most sincere concern that our grievance process MUST appear fair. In order for lawyers in our state to continue to thrive, they must feel that the grievance system is set up for fairness to the profession at-large as well as the general public- not to manipulate the rules, punish haphazardly or to carry out personal vendettas. If the latter is going to be the case, we can only expect that in the future lawyers will reject the disciplinary process and the legislature will be forced to take these disciplinary matters into their own hands.

Based on my understanding of the case, disbarment is a punishment far beyond what this lapse in judgment deserves. I would agree with the former Chairwoman of the Rules Committee and other experts for Mr. Bennett that the two rules cited by the OCDC were not violated by Mr. Bennett. Ultimately, this situation is not a reflection of his ability or worth as attorney, but rather it is an aberration in an otherwise spotless record. If the purpose of our disciplinary process is to protect the public and ensure that lawyers continue to carry out justice, a disservice has been made on a fundamental level by disbarring Bob Bennett. I urge you to reconsider his punishment.

I have also had the opportunity to note that the website, [www.ocdc-revealed.com](http://www.ocdc-revealed.com), is where the trial transcript and the Court's Record have been published. Also on this site are the numerous Amicus Briefs including one signed

by over 1,000 +Texas Attorneys, and former Judges who by their signatures appear to reflect the concerns I have raised about this trial. You will also see over 166 Client reviews about Mr. Bennett and 40 peer reviews from Texas Attorneys. These numbers are impressive. Additionally, over 100 additional Texas Lawyers, Judges, and citizens concerned about our judicial system have posted letters and statements about this disbarment. You will note that these letters include 10 witnesses including myself who observed the trial and opined about what happened. I would urge the Court to consider these factors in reaching a fair result in this matter.

Respectfully Submitted,

*/s/ Dan Naranjo*

Dan Naranjo

State Bar No. 14804000

The Law Office of Dan A. Naranjo, P.C.

12951 Huebner Road #781828

San Antonio, Texas 78230

Phone: (210) 344-9823

Fax: (210) 764-1831

Email: Dan.Naranjo@gmail.com

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing brief is in compliance with Texas Rule of Appellate Procedure 9.4 because it contains less than 15,000 words and has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font and meets the typeface requirements.

*/s/ Dan Naranjo*

Dan Naranjo

## CERTIFICATE OF SERVICE

I certify that on April 24th, 2015 a true and correct copy of the foregoing was served on all parties of the above captioned case via efile.

*/s/ Dan Naranjo*

Dan Naranjo